IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. PHINNEY,

Petitioner, No. 2:10-cv-0564 KJM CKD P

vs.

S. SALINAS,

Respondent. FINDINGS & RECOMMENDATIONS

______________________________/

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises a due process challenge to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing held on April 15, 2009. He also argues that thirty years of changing parole law, culminating in the passage of Marsy's Law, violates the ex post facto clause of the U.S. Constitution. Upon careful consideration of the record and the applicable law, the undersigned will recommend that the petition be denied in its entirety.

PROCEDURAL BACKGROUND

In 1979, petitioner was convicted in the El Dorado County Superior Court of first degree murder. He is serving a state prison term of 25 years to life. (Dkt. No. 1 ("Ptn.") at 1.) At petitioner's parole consideration hearing on April 15, 2009, the Board found petitioner

unsuitable for release and issued a five-year denial of parole. (Dkt. No. 1-1 at 138-146 (Board decision).)

Prior to the Board's 2009 denial at issue here, petitioner filed a habeas petition in the El Dorado Superior Court alleging that thirty years of changing parole law, culminating in the passage of Marsy's Law in 2008, violated the ex post facto clause. On January 27, 2009, the superior court denied the petition because petitioner had not alleged any harm to himself as a result of these legislative changes. (Dkt. No. 9-2 at 1-3.)

In June 2009, petitioner filed a second habeas petition in the El Dorado County Superior Court, challenging the Board's April 2009 decision on due process and ex post facto grounds. On August 4, 2009, the superior court denied the petition in a reasoned decision. Specifically, the court denied the due process claim on the merits, and denied the ex post facto claims as successive because petitioner had raised those claims in his earlier petition, dismissed on January 27, 2009. (Dkt. No. 9-1 at 3-7.)

In August 2009, petitioner filed a habeas petition in the California Court of Appeal, Third Appellate District, claiming in relevant part that the Board's 2009 denial of parole violated his due process rights, and that the superior court erred in dismissing his ex post facto claims. The court of appeal summarily denied this petition on August 27, 2009. (Dkt. No. 9-5.) Petitioner next filed a petition raising the same claims in the California Supreme Court, which summarily denied the petition on February 24, 2010. (Dkt. Nos. 9-6, 9-7, 9-8, 9-9.)

On March 10, 2010, petitioner commenced this action by filing the instant petition. Respondent filed an answer and petitioner filed a traverse.

ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v.

Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). See also Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated

a claim, we analyze the last reasoned decision"). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). When it is clear that a state court has not reached the merits of a petitioner's claim the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).[1]

II. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

[1] Here the last reasoned state court decision issued from the El Dorado County Superior Court on August 4, 2009. Because the court considered the due process claims on the merits, the undersigned reviews them under the deferential AEDPA standard.

Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout,131 S. Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole – in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected

the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 2011 WL 1238007 at *4.

III. Petitioner's Claims

A. Due Process

Petitioner seeks federal habeas relief on the grounds that the Board's 2009 decision to deny him parole, the findings upon which that denial was based, and the El Dorado County Superior Court's decision to affirm the Board were not supported by "some evidence," as required under California law. However, after the Supreme Court's decision in Swarthout, it is clear that the question of whether the Board reasonably applied California's "some evidence" standard in a prisoner's parole hearing does not give rise to a claim for federal habeas relief. Swarthout, 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

\\\\\

In this case, the record reflects that petitioner was represented by counsel at his 2009 parole consideration hearing. The record also reflects that petitioner was heard at the hearing and received a statement of the reasons why the Board panel decided to deny him parole. Petitioner thus received all the process due him under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts,2011 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3. His due process claim should be dismissed.

B. Ex Post Facto

Petitioner also alleges that the Board issued its five-year denial pursuant to California's Proposition 9 ("Marsy's Law") in violation of the ex post facto clause of the U.S. Constitution. More generally, he alleges that thirty years of changing parole law, culminating in the passage of Marsy's Law, constitutes an ex post facto violation.

Respondent argues that petitioner's ex post facto claims are procedurally defaulted because the superior court denied them on procedural grounds as successive. (Dkt. No. 9 at 3.) Respondent alternatively argues that petitioner's ex post facto claim should be denied on the merits. (Id. at 12-13.)

Under the doctrine of procedural default, a petitioner who has defaulted on his claims in state court is barred from raising them in federal court so long as the default is "pursuant to an independent and adequate state procedural rule." Coleman v. Thompson, 501 U.S. 722, 750 (1991). The state rule is only "adequate" if it is "well-established and consistently applied." Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003). The state rule must also be "independent" in that it is not "interwoven with the federal law." Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Michigan v. Long, 463 U.S. 1032, 1040–41 (1983)). If the federal court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804–05 (9th Cir.1993); Coleman, 501

U.S. at 750.

Here, it is not at all clear that the doctrine of procedural default bars petitioner's Marsy's Law claim. See Jones v. Ayers, 2008 WL 906302 at *32-33 (E.D. Cal. 2008) (successive petition default bars no claims because respondent has not demonstrated, and court is unaware of any cases that show, that successive petition default has been "consistently applied" since 1993.) See also King v. LaMarque, 464 F.3d 963, 965 (9th Cir. 2006) (for a state law ground to be "adequate" under procedural default rule, "the state's legal grounds for its decision must be firmly established and consistently applied."), citing Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003).

As to the merits of petitioner's claim, petitioner is advised that he is a member of the class already prosecuting this cause of action in Gilman v. Fisher, 2:05-cv-0830 LKK GGH P.[2] At least one district court has held that a similarly situated petitioner "is not entitled to habeas relief on his ex post facto challenge because he is a member of the class already prosecuting this cause of action in [Gilman]. Petitioner cannot simultaneously prosecute the instant claim here." Gonzales v. Dickinson, No. 2:10-cv-2277 MCE CKD P, Order dated June 19, 2012, Dkt. No. 25 at 2, citing Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979). In light of petitioner's inclusion in the Gilman class, the undersigned will recommend that petitioner's ex post facto claim be dismissed as well. See McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.")

\\\\\

[2] The relevant Gilman class is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." Gilman, Dkt. No. 340 at 2. Petitioner is a member of this class since he was sentenced in 1979 to a state prison term of 25 years to life. (Ptn. at 1.)

Finally, insofar as petitioner is making "a general allegation that thirty years of legislative amendments have increased his punishment," the undersigned agrees with the court in Johnson v. Swarthout, 2010 WL 2629489 at *15 (E.D. Cal. 2010), that "there is no federal law that supports his claim."

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Dkt. No. 1) be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

Dated: June 22, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
phin0564.parole_Marsys